UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SANDRA F. DE LA CRUZ,   No. 08-12081

                Debtor(s).
_____/
SANDRA F. DE LA CRUZ,

                Plaintiff(s),

    v.   A.P. No. 09-1153

AEGIS WHOLESALE CORPORATION, et al.,

                Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

    In the absence of special language in the order confirming the plan, the court might well agree that principles of claim preclusion render this case subject to summary adjudication. However, the order confirming the plan, insisted upon by the court pursuant to its responsibilities under *Espinosa*, provides:

```
PROVIDED HOWEVER, that notwithstanding anything to the
contrary in the plan,
1. Any provision of the plan purporting to discharge a
debt is not approved. No debt subject to exception to
```

1

discharge pursuant to 11 U.S.C. § 523 shall be
adjudicated to be discharged or not discharged except in
an adversary proceeding;

2. No lien on real property shall be removed, avoided or
extinguished except by adversary proceeding pursuant to
Rule 7001(2) of the Federal Rules of Bankruptcy Procedure
or contested matter pursuant to Rule 3012 of the Federal
Rules of Bankruptcy Procedure;

3. With the sole exception of the valuation of a claim
secured by personal property, a proof of claim shall
supercede any plan provision purporting to limit or
disallow a claim.

    Thus, while creditor Aurora Loan Services is entitled to only $1,676.77 per month, with the balance of its claim to be paid by sale or refinance between 48 and 60 months of the effective date of the Plan, the exact amount allowable on its secured claim and whether any part of its lien is avoided have not been adjudicated and have been specifically reserved for this adversary proceeding.

    For the foregoing reasons, the debtor's motion for summary judgment based on principles of claim preclusion will be denied. The court declines to rule summarily on the other issues raised by the motion, as the motion was brought too close to the trial date to permit consideration. Counsel for Aurora Loan Services, LLC, shall submit an appropriate form of order.

Dated: June 3, 2010

                                           Alan Jaroslovsky
                                           U.S. Bankruptcy Judge