UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SANDRA F. DE LA CRUZ,  No. 08-12081

                              Debtor(s).
_____/

SANDRA F. DE LA CRUZ,

                              Plaintiff(s),

          v.  A.P. No. 09-1153

AEGIS WHOLESALE CORPORATION, et al.,

                              Defendant(s).
_____/

Memorandum on Motion to Amend Judgment
_____

    Debtor and plaintiff Sandra De la Cruz owns a residence at 990 Central Avenue, Napa, California. She scheduled creditor Aurora Loan Services as holding a note secured by a first deed of trust in this property and Aegis Wholesale Corporation as holding a second deed of trust. She alleges that the value of the property is less than the amount owed to Aurora. She brought this adversary proceeding seeking to "strip off" the Aegis lien and reduce the amount she owes to Aurora to the value of the property.

    Aegis and defendant Mortgage Electronic Registration Systems, Inc., ("MERS") were properly served and failed to answer. Judgment has been entered against them by default. Aurora filed a proof of claim for the amount owed on its note and filed a timely answer in the adversary proceeding,

1

alleging that its lien is not subject to modification or reduction pursuant to § 1322(b)(2) of the Bankruptcy Code.

Citing "Rule 9023(e) of the Federal Rules of Bankruptcy Procedure," which the court can't seem to find, the debtor has made a motion to amend the default judgment to include Aurora. Her argument is that Aurora has represented in discovery that it is merely the agent for MERS. Since MERS has lost and since it and Aurora are "in privity," the judgment should be made applicable to Aurora also.

The dispute before the court has been very poorly briefed by both sides, but the essential issue (not correctly identified by either party) is whether or not the principle of claims preclusion bars one defendant from defending an action where a default judgment has been entered in the same action against a co-defendant with whom it is in privity. The short answer in this case is "no," because the judgment is not final. Rule 54(b) of the Federal Rules of Civil Procedure, made applicable to bankruptcy adversary proceedings by Rule 7054(a) of the Federal Rules of Bankruptcy Procedure, provides that where, as here, the court has made no express determination that there is no just reason for delay, any order or other decision that adjudicates the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all of the claims and all the parties' rights and liabilities. See *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321-22 (9th Cir.1988)*; AVX Corp. v. Cabot Corp.,* 424 F.3d 28, 31 (1st Cir. 2005).

For the foregoing reasons, the motion to amend the judgment will be denied. The court will hear and decide this case on the merits, revising the default judgments as necessary to effect justice. Counsel for Aurora shall submit an appropriate form of order.

Dated: June 3, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge