UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SANDRA F. DE LA CRUZ,                                             No. 08-12081

                              Debtor(s).
_____/

SANDRA F. DE LA CRUZ,

                              Plaintiff(s),

         v.                                                                                    A.P. No. 09-1153

AEGIS WHOLESALE CORPORATION, et al.,

                              Defendant(s).
_____/

Memorandum After Trial
_____

       The confirmed Chapter 13 plan of debtor and plaintiff Sandra de la Cruz provides that secured creditor and defendant Aurora Loan Services will be paid $1,676.77 per month, with the balance of its claim to be paid by sale or refinance between 48 and 60 months of the effective date of the Plan. By this adversary proceeding, de la Cruz seeks to reduce the amount of Aurora's secured claim to the current value of the property, stipulated to be $340,000.00. Aurora argues that its loan is not subject to this sort of modification, so that when the property is sold or refinanced the entire amount of its

1

claim must be paid. That claim was over $429,000.00 as of the date of filing.

The sole remaining issue is a legal one: whether Aurora's loan is modifiable. All rights of secured creditors are subject to modification in Chapter 13 except those of a creditor secured only by security interest in real property that is the debtor's principal residence. 11 U.S.C § 1322(b)(2). There are two separate residential units in the property at 990 Central Avenue, Napa, California. De la Cruz lives in one, a renter in the other. De la Cruz argues that while the property is her principal residence, as the term is defined in § 101(13A) of the Bankruptcy Code, the fact that the security interest extends to that portion of the property she does not occupy means that the Aurora lien is not secured "only" by her principal residence and is therefore subject to modification.

While there is no controlling law in this circuit, other circuits have agreed with de la Cruz' position that § 1322(b)(2) protects claims secured only by a security interest in real property that is the debtor's principal residence, not real property that merely includes or contains the debtor's principal residence, so that a claim secured by multi-unit property is subject to modification even if the debtor occupies one of the units. *In re Scarborough,* 461 F.3d 406, 411 (3rd Cir. 2006); *Lomas Mortgage, Inc. v. Louis*, 82 F.3d 1, 7 (1st Cir. 1996). In the absence of a decision of Ninth Circuit Court of Appeals, lower federal courts in this circuit are supposed to follow the rulings of circuit courts in other circuits. *In re Taffi,* 68 F3d. 306, 308 (9th Cir. 1995); *In re Berg*, 188 B.R. 615, 620 (9th Cir. BAP 1995). The court will accordingly follow *Scarborough* and *Louis* and render judgment in favor of de la Cruz.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for de la Cruz shall submit an appropriate form of judgment forthwith.

Dated: June 24, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge